UNITED STATES DISTRICT COURT       SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**

May 20, 2022
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| World's Garden, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Civil Action H-17-1022 |
| | § | |
| Calavo Growers, Inc., | § | |
| | § | |
| Defendant. | § | |

## Opinion on Dismissal

1.      *Facts.*

In 2005, Calavo signed a distribution agreement with Cameron Rainey-Esfahani to sell select avocado products in Europe. In 2008, Rainey assigned the contract to World's Garden. The agreement contained a most-favored customer clause. It required that Calavo charge World's Garden "the current product prices charged to its best distributors, or customers, on the day of Producer's receipt of Distributor's order." Calavo and World's Garden confirmed prices before every transaction under the clause guidelines.

A.      *Emails between June and July, 2008*

In 2008, between June through July, Rainey and Calavo exchanged emails about pricing. In June, due to an increase in the price of avocados and manufacturing costs, Calavo raised its pricing structure. Rainey asked for assurances that Calavo was charging the best price under the contract. It said that the price was "in line with the price Calavo is charging its best customers."

Again, in July, Rainey asked for an assurance. He said, "the answer should be simple: Am I getting the best customer pricing? YES OR NO?" Calavo responded, "for the 4th time in the past few weeks, my answer is yes, all things equaled out, you are paying approximately the same/best price as our most key US customers."

B.    *Emails between July and August, 2010*

In 2010, World's Garden sent Calavo a price proposal. It asked that Calavo share its best customer pricing for each category of goods. It accused Calavo of overcharging World's Garden based on a price comparison with TGIF.

On August 4, 2010, World's Garden challenged Calavo on shipping cost estimates because it said that the shipping weight was illegal. After a discussion about vehicle weights, Calavo responded that their goal is to "index/compare/price your products to our best US customers."

World's Garden says that other Calavo customers have received more favorable price terms. It says that Calavo only charged World's Garden for seasonal-price adjustments.

World's Garden sued Calavo for breach of contract. It alternatively pleads that Calavo fraudulently induced it to buy Calavo's products.

On February 8, 2018, Calavo moved to dismiss the fraudulent inducement claim.

2.    *Fraudulent Inducement.*

To succeed on a fraudulent inducement claim, World's Garden must plead that (1) Calavo made a material misrepresentation that was false; (2) it knew it was false or made it recklessly without knowledge of its truth; (3) it intended to induce World's Garden to enter the contract based upon the representation; (4) World's Garden relied upon the representation; and (5) the injury was caused by the reliance.[1]

Pleading fraud requires particularity. World's Garden must plead the who, what, when, where, and how of the alleged fraud. A material misrepresentation is fraudulent if Calavo knew it was not charging World's Garden the best price or recklessly believed it.[2]

---

[1] *Bohnsack v. Varco, L.P.*, 668 F.3d 262, 272 (5th Cir. 2012).

[2] *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998).

Calavo says World's Garden was not fraudulently induced. It says that the emails show negotiations. It says that Calavo did not affirmatively say that it was charging the best price. It says that World's Garden did not rely on its assurances because it did not trust Calavo. It says that World's Garden does not plead with particularity because it does not specify how the alleged misrepresentation affected the purchase order.

World's Garden says that Calavo's misrepresented that the product prices reflected the "best price" compared with other customers. It insists that Calavo knew it was charging less because it "refused to open its books." It says that it relied on those assurances. It says that it repeatedly asked Calavo to abide by the most favored customer clause. It insists that Texas law does not require that World's Garden plead every purchase order.

The pleading is missing facts to show how Calavo fraudulently induced World's Garden. The pleading does not have facts to show that Calavo knew it was not charging the best price or recklessly ignored it. Based on the complaint, the emails show a negotiation based on the parties' different interpretation of adjustments for avocado-product comparisons. The issue is the parties' interpretation of the most favored customer clause. The facts pleaded do not declare fraud.

World's Garden relied on Calavo's assurances to purchase the products. On multiple occasions, World's Garden reminded Calavo that the contract requires that Calavo charge the best price. Calavo insisted that World's Garden was paying "approximately the same/best price" as other customers. Calavo did not refuse World's Garden request for disclosure. It assured World's Garden that it was complying with the contract.

3.    *Recovery Model.*

World's Garden can recover two types of damages for fraud: (a) out-of-pocket damages; and (b) benefit-of the bargain damages as if the contract was performed as promised.[3] It seeks damages for the difference between the price it actually paid and the prices Calavo charged to its best customers.

---

[3] *Anderson v. Durant*, 550 S.W.3d 605, 614 (Tex. 2018) .

Calavo says that the recovery World's Garden seeks is an expectation damages theory for a breach of contract. It says that World's Garden's fraudulent inducement theory relies on a speculative bargain that was never struck because the distribution agreement was an "agreement to agree."

World's Garden says that it wants the prices charged based on an avocado-to-avocados comparison. It says this was not a speculative bargain because the price guideline was written in the contract under the most-favored customer clause. It distinguishes a case that rejected recovery for damages based on a speculative bargain.[4]

The Court has concluded that the clause was enforceable. It was not a speculative bargain. If Calavo violated the contract, World's Garden can recover through expectation damages.

4.    *Conclusion.*

World's Garden pleaded fraudulent inducement as an alternative claim to a breach of contract.

It's fraudulent inducement claim is dismissed because it has not pleaded facts that plausibly suggest that Calavo was aware it was not charging the best price. Whether it did remains to be seen under the breach of contract claim.

Signed on May **19**, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[4] *Formosa Plastics Corp. USA v. Presidio Engineers*, 960 S.W.2d 41 (1998)